FILED IN MY OFFICE
DISTRICT COURT CLERK
3/9/2018 1:57 PM
WELDON J. NEFF
Lydia Vidales

ELEVENTH JUDICIAL DISTRICT COURT
COUNTY OF McKINLEY
STATE OF NEW MEXICO

FRANCISCO MENDOZA and
JUANA VALENCIANO,

      Plaintiffs,

v.         NO. D-1113-CV-2018-00140

DAIRYLAND INSURANCE COMPANY,

      Defendant.

## COMPLAINT FOR BREACH OF CONTRACT FOR UNINSURED MOTORIST COVERAGE, INSURANCE BAD FAITH, VIOLATION OF INSURANCE PRACTICES ACT, VIOLATION OF UNFAIR PRACTICE ACT AND FOR DECLARATORY JUDGMENT

  Plaintiffs, Francisco Mendoza and Juana Valenciano, through their attorneys of record, JOSEPH M. ROMERO AND AEQUITAS LAW OF NEW MEXICO, LLC (ANNA C. MARTINEZ), hereby submit this Complaint for Declaratory Judgment and Damages, and allege as follows:

### JURISDICTION AND VENUE

  1. On March 12, 2012, Plaintiff Francisco Mendoza was a resident of McKinley County, New Mexico.

  2. On March 12, 2012, Plaintiff Juana Valenciano was a resident of McKinley County, New Mexico.

  3. Dairyland Insurance Company ("Dairyland") is a foreign corporation registered in the state of Wisconsin.

  4. Dairyland is authorized to do business in New Mexico and does business in McKinley County, New Mexico.

  5. Dairyland issued automobile insurance policy number NM 294454876 to Plaintiff Juana Valenciano.

  6. Dairyland issued automobile insurance policy number NM 294339141 to Plaintiff Juana Valenciano.

Exhibit A

7.     Hereinafter, the Dairyland automobile policies identified in the preceding paragraphs issued to Juana Valenciano will be referred to as the "Dairyland policies."

8.     Plaintiff Juana Valenciano paid Dairyland insurance premiums for the Dairyland policies.

9.     The Dairyland policies were valid and in effect on March 12, 2012.

10.    The Dairyland policies provided uninsured motorist ("UM") coverage on Plaintiffs' 1999 Mercury, 2010 Chrysler, 2005 Dodge and 2003 Chrysler.

11.    On March 12, 2012, Plaintiffs Francisco Mendoza and Juana Valenciano were insured under the Dairyland policies.

12.    The Dairyland policies provided Uninsured Motorist coverage of $75,000.00 per person and $150,000.00 per occurrence.

13.    Jurisdiction is proper for Plaintiff's claims for declaratory judgment pursuant to Rule 1-057 NMRA and NMSA 1978, Section 44-6-1, *et seq*.

14.    Venue is proper pursuant to NMSA 1978, Section 38-3-1.

## GENERAL ALLEGATIONS

15.    Plaintiffs incorporate by reference every paragraph of this Complaint.

16.    On March 12, 2012, Plaintiffs Francisco Mendoza and Juana Valenciano were visiting the Fire Rock Casino in McKinley County, New Mexico.

17.    At approximately 8:55 p.m., while Plaintiff Francisco Valenciano was exiting the passenger seat of his vehicle and walking around to open the driver's door for Plaintiff Juana Valenciano, Mika-Jon Lowley (hereinafter "Lowley") attempted to rob him at gunpoint and then shot him in the face with a pellet gun.

18.    Plaintiff Francisco Valenciano, in fear for his life and the life of Plaintiff Juana Valenciano, and not realizing that Lowley was firing a pellet gun rather than an actual firearm, immediately opened the drivers door of his vehicle and jumped on Plaintiff Juana Valenciano to shield her from what he believed were bullets.

19.    During this time, Lowley continued to fire his gun at the front of Plaintiffs' vehicle several more times breaking the driver's side window and windshield before fleeing the scene.

20.    Plaintiff Francisco Mendoza was struck by pellets on the left side of his face and eye and required surgery to remove the pellet from his eye.

21.    Plaintiff Francisco Mendoza suffered injuries, damages, and losses as a result of the shooting.

2

22. Plaintiff Juana Valenciano suffered injuries, damages and losses as a result of the shooting.

23. Plaintiff Francisco Mendoza received medical care as a result of the shooting.

24. Plaintiff Juana Valenciano received medical care as a result of the shooting.

25. The acts perpetrated by Lowley were willful, wanton, obdurate, and undertaken with deliberate intent to cause harm to Plaintiffs.

26. The acts perpetrated by Lowley justify an award of punitive damages to dissuade Lowley and others similarly situated from engaging in similar harmful conduct in the future.

27. The purpose of Plaintiffs' uninsured motorist coverage with Dairyland is to provide Plaintiffs and their family with benefits, to include punitive damages, in the event they are injured by an uninsured motorist.

28. Lowley is considered an uninsured motorist for purposes of bringing a claim for UM benefits pursuant to the terms of the Dairyland policies and the law of the State of New Mexico.

29. Plaintiffs Francisco Mendoza and Juana Valenciano made claims for UM benefits against the Dairyland policies.

30. Dairyland delayed in evaluating Plaintiffs' claims for UM benefits.

31. Dairyland denied, in whole or in part, Plaintiffs' claims for UM benefits.

32. Dairyland has not paid Plaintiffs any UM benefits to cover their injuries, damages, and losses from the March 12, 2012 shooting.

33. Dairyland has not paid Plaintiffs any UM benefits under the Dariyland policy.

34. An insurance company has a duty to act in the interests of its insureds.

35. Dairyland has not acted in the interest of Plaintiff Francisco Mendoza.

36. Dairyland has not acted in the interest of Plaintiff Juana Valenciano

**FIRST CLAIM FOR RELIEF – DECLARATORY JUDGMENT FOR UM BENEFITS PURSUANT TO RULE 1-057 NMRA AND NMSA 1978, SECTION 44-6-1, *et seq.***

37. Plaintiffs incorporate by reference every paragraph of this Complaint.

38. On March 12, 2012, Plaintiffs were insureds under the terms and conditions of the Dairyland policies.

39. The Dairyland policies were a valid, binding contract to provide UM coverage to Plaintiffs.

40. Plaintiffs have made several requests to Dairyland to admit that the March 12, 2012 shooting was a covered incident and/or covered loss under the Dairyland policies.

41. Dairyland has steadfastly refused, and/ or failed to admit, that the March 12, 2012 shooting was a covered incident and/or covered loss under the Dairyland policies.

42. Plaintiffs are legally entitled to recover UM benefits from Dairyland.

43. Dairyland has not paid Plaintiffs any UM benefits under the Dairyland policies.

44. Plaintiffs have made demand for policy limits under the Dairyland policeis and Dairyland has refused to pay.

45. There is a current and justiciable dispute that this court can resolve.

46. Plaintiffs are entitled to and seek an order declaring that they are entitled to UM benefits under the Dairyland policies.

47. NMSA 1978, Section 44-6-2 provides that district courts within their respective jurisdictions shall have power to declare rights, status and other legal relations.

48. Plaintiffs seek an order directing Dairyland to pay them UM benefits under the Dairyland policies in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF – BREACH OF CONTRACT FOR UM BENEFITS
## UJI 13-823

49. Plaintiffs incorporate by reference every paragraph of this Complaint.

50. Plaintiffs were injured as a result of the shooting on March 12, 2012.

51. Plaintiffs are legally entitled to receive UM benefits under the Dairyland policies.

52. The Dairyland policies are a contract.

53. Dairyland is responsible to Plaintiffs for the injuries, damages, and losses they sustained as a result of the shooting on March 12, 2012, pursuant to the Dairyland policies and New Mexico Law.

54. Dairyland is responsible to Plaintiffs for punitive damages as a result of the March 12, 2012 shooting.

55. Plaintiffs have made a demand for UM benefits under the Dairyland policies.

56. Plaintiffs have provided Dairyland with information adequate for it to evaluate and pay their claims for UM benefits.

57. Plaintiffs have cooperated with Dairyland.

58. Plaintiffs have complied with all the terms and conditions precedent to recover UM benefits under the Dairyland policies.

59. Dairyland has not paid Plaintiffs any UM benefits under the Dairyland policies.

60. Dairyland has breached the terms and conditions of the Dairyland policies with regard to Plaintiffs claims for UM benefits to cover their damages from the March 12, 2012 shooting, including punitive damages.

61. Plaintiffs have incurred injuries, damages, and losses as a result of Dairyland's breach of the Dairyland policies.

## THIRD CLAIM FOR RELIEF – BAD FAITH BREACH OF INSURANCE CONTRACT FOR DENIAL OF UM BENEFITS CLAIM
## UJI 13-702

62. Plaintiffs incorporate by reference every paragraph of this Complaint.

63. Plaintiffs sustained injuries, damages, and losses in the March 12, 2012 shooting.

64. Dairyland has unreasonably delayed and refused to make payment for the full measure of Plaintiffs' claims for UM benefits under the Dairyland policies for reasons that are frivolous and unfounded.

65. Dairyland's unreasonable delay in payment and denial of Plaintiffs' claims, in whole or in part, for UM benefits constitutes a breach of the duty to act honestly and in good faith it owed to Plaintiffs under the Dairyland policies.

66. Dairyland's conduct in the unreasonable delay in payment and denial of Plaintiffs' claims, in whole or in part, for UM benefits was in reckless disregard for the interests of Plaintiffs, based on dishonest judgment, and / or was otherwise malicious, willful or wanton.

67. Plaintiffs have incurred injuries, damages, and losses as a result of Dairyland's unreasonable delay in payment and denial of their claims, in whole or in part, for UM benefits under the Dairyland policies.

### FOURTH CLAIM FOR RELIEF – VIOLATION OF
### INSURANCE PRACTICES ACT NMSA 1978, SECTIONS 59A-16-1, *et seq.*
### UJI 13-1706

68. Plaintiffs incorporate by reference every paragraph of this Complaint.

69. Dairyland is engaged in the business of insurance.

70. Plaintiffs sustained injuries, damages, and losses in the March 12, 2012 shooting.

71. There was in force in this state, at all times material to this case, a state statute commonly known in the Insurance Code as the Trade Practices and Frauds Act, NMSA 1978, Section 59A-16-1, *et seq.*, including but not limited to NMSA 1978, Section 59A-16-20, subsections (B), (C), (E), (G) and (N), which prohibits the following unfair claims practices:

>B. failing to acknowledge and act reasonably promptly upon communications with respect to claims from insureds arising under policies;

>C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insureds' claims arising under policies;

>E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

>G. compelling insureds to institute litigation to recover amounts due under policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered;

>N. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

72. Dairyland's conduct in the unreasonable delay in payment and denial of Plaintiffs' claims for UM benefits, constitutes unfair claims practices that were committed knowingly, or with such frequency as to indicate a general business practice, prohibited by the Trade Practices and Frauds Act, including but not limited to NMSA 1978, Section 59A-16-20, subsections (B), (C), (E), (G) and (N).

73. Plaintiffs have incurred injuries, damages, and losses as a result of Dairyland's unreasonable delay in payment and denial of their claims for UM benefits in violation of the Insurance Practices Act.

### FIFTH CLAIM FOR RELIEF – VIOLATION OF UNFAIR PRACTICES ACT NMSA 1978 SECTIONS 57-12-1, *et seq.* UJI 13-1707

74. Plaintiffs incorporate by reference every paragraph of this Complaint.

75. Dairyland is engaged in the business of insurance.

76. There was in force in this state, at all times material to this case, a state statute commonly known as the Unfair Practices Act, NMSA 1978, Section 57-12-1, *et seq.*, including but not limited to NMSA 1978, Section 57-12-2, sections (D), subsections (D)(7), (D)(15), (D)(17) and section (E) which prohibits a person selling insurance from engaging in the following unfair or deceptive trade practices:

D. "unfair or deceptive trade practice" means an act specifically declared unlawful pursuant to the Unfair Practices Act [57-12-1 NMSA 1978], a false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person and includes:

(7) representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;

(15) stating that a transaction involves rights, remedies or obligations that it does not involve;

(17) failing to deliver the quality or quantity of goods or services contracted for;

E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts that to a person's detriment:

(1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

(2) results in a gross disparity between the value received by a person and the price paid.

77. Dairyland has failed to provide the quality or quantity of services contracted for by Plaintiffs by failing to afford UM benefits to Plaintiffs under the Dairyland policies.

78. Dairyland's conduct in the unreasonable delay in payment and denial of Plaintiffs' claims for UM benefits constitutes a knowing violation of the Unfair Practices Act,

including but not limited to NMSA 1978, Section 57-12-2, sections (D), subsections (D)(7), (D)(15), (D)(17) and section (E).

79. Plaintiffs were deceived by Dairyland's conduct in violation of the Unfair Practices Act, including but not limited to NMSA 1978, Section 57-12-2, sections (D), subsections (D)(7), (D)(15), (D)(17) and section (E).

80. Plaintiffs have incurred injuries, damages, and losses as a result of Dairyland's unreasonable delay in payment and denial of her claim for UM benefits in violation of the Unfair Practices Act.

## DAMAGES

81. Plaintiffs incorporate by reference every paragraph of this Complaint.

82. As a result of the shooting on March 12, 2012, Plaintiffs incurred past and future economic injuries, damages, and losses, including loss of home services, impairment of earning capacity, loss of access to employment, and reasonable and necessary medical expenses including, but not limited to, physician, mental health, and prescription expenses.

83. Dairyland is liable for Plaintiffs' economic damages resulting from the shooting on March 12, 2012, pursuant to the Dairyland policies and New Mexico Law.

84. As a result of the shooting on March 12, 2012, Plaintiffs incurred past and future non-economic injuries, damages, and losses, including pain and suffering, inconvenience, mental and emotional distress, and impairment of the quality of life.

85. Dairyland is liable for Plaintiffs' non-economic damages, including an award of punitive damages, resulting from the shooting on March 12, 2012, pursuant to the Dairyland policies and New Mexico Law.

86. As a result of the shooting on March 12, 2012, Plaintiffs suffered permanent physical, emotional and psychological impairment and disfigurement.

87. Dairyland is liable for Plaintiffs' physical, emotional and psychological impairment and disfigurement resulting from the shooting on March 12, 2012, pursuant to the Dairyland policies and New Mexico Law.

88. Dairyland's bad faith breach of the Dairyland policies in denying Plaintiffs' claims for UM benefits, in whole or in part, caused Plaintiffs to incur past and future economic injuries, damages, and losses, including loss of home services, loss of earnings, impairment of earning capacity, loss of access to employment, and reasonable and necessary medical expenses including, but not limited to, physician, mental health, and prescription expenses.

89. Dairyland's bad faith breach of the Dairyland policies in denying Plaintiffs' claims for UM benefits, in whole or in part, caused Plaintiffs to incur past and future non-

economic injuries, damages, and losses, including pain and suffering, inconvenience, mental and emotional distress, and impairment of the quality of life.

90.     Dairyland's conduct with respect to its bad faith breach of the Dairyland policies, violations of the Insurance Practices Act and violations of the Unfair Practices Act was in reckless disregard for the interests of Plaintiffs, and/ or was based on a dishonest judgment, and/ or was otherwise malicious, wilful or wanton and warrants an award of punitive damages.

WHEREFORE, Plaintiffs request:

A.      The court enter a judgment declaring that the March 12, 2012 shooting was a covered event under the Dairyland policies.

B.      The court enter a judgment declaring that defendant is obligated under the Dairyland policies to pay UM benefits to Plaintiffs;

C.      The court enter a monetary judgment against defendant for monies owed under the Dairyland policies for UM benefits in an amount to be proven at trial;

D.      The court enter a judgment against the defendant for a monetary sum to be proven at trial on Plaintiffs' claims for breach of contract for UM benefits;

E.      The court enter a judgment against the defendant for a monetary sum to be proven at trial on Plaintiffs' claims for bad faith breach of the Dairyland policies in denying Plaintiffs' claims for UM benefits;

F.      The court enter a judgment against defendant for a monetary sum to be proven at trial on Plaintiffs' claims for defendant's violation of the Insurance Practices Act;

G.      The court enter a judgment against the defendant for a monetary sum to be proven at trial equal to three times the amount of Plaintiffs' damages for defendant's violations of the Unfair Practices Act, pursuant to NMSA 1978, Section 52-12-10(B);

H.      The court enter an order that defendant pay Plaintiffs pre-judgment and post-judgment interest;

I.      The court enter an award in favor of Plaintiff for the costs of litigation including, but not limited to court costs and expert witness fees;

J.      The court enter an order awarding Plaintiff reasonable attorney's fees pursuant to NMSA 1978, Section 39-2-1;

K.      An award of punitive damages; and

L.      Such other further relief that the court deems just and proper.

9

Respectfully submitted this 9th day of March, 2018.

                                                              **RESPECTFULLY SUBMITTED**

                                                              "electronically filed"

By:    /s/ Joseph M. Romero
          P.O. Box 27579
          Albuquerque, NM 87125
          (505) 433-1642
          Attorney for Plaintiffs