IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANCISCO MENDOZA and
JUANA VALENCIANO,

                           **Plaintiffs,**

v.                                                        **Cause No. 1:18-cv-00362-SWS-MLC**

DAIRYLAND INSURANCE COMPANY,

                           **Defendant.**

**MOTION TO RECONSIDER ORDER DISMISSING CLAIMS III, IV, AND V AND TO RETURN THIS MATTER TO THE COURT'S TRIAL DOCKET OR, IN THE ALTERNATIVE, TO CERTIFY THE JUDGMENT AS FINAL UNDER RULE 54(B).**

      Plaintiffs by and through counsel, Joseph M. Romero, hereby move this Court to Reconsider its Judgment to the extent that it dismisses Counts III, IV, and V of their Complaint or, in the alternative, for an Order Certifying the Judgment entered in this case as final under Fed.R.Civ.P.54(b). In support thereof, Plaintiffs state:

**RELEVANT FACTS**

      Judgment was entered on the entire case on December 20, 2018. [Doc. 40]. The Judgment was erroneous in that it dismissed all of Plaintiffs' claims when in fact it should have only dismissed Counts I and II of Plaintiffs' Complaint. Specifically, Plaintiffs' filed a five count Complaint. Counts I and II sought to recover uninsured motorist benefits. Counts II, IV, and V sought damages on other claims and are not dependent upon whether or not Plaintiffs are entitled to recover uninsured motorist benefits. Defendant subsequently filed a Motion for Summary Judgment seeking the dismissal of Plaintiff's claims for underinsured motorist benefits (Counts I and II). [Doc. 22] The Court granted that Motion on December 13, 2018. [Doc. 39]. However, although the Motion for Summary Judgment sought judgment on the issue of uninsured

coverage, which was limited to Counts I and II of the Complaint, the Court dismissed the entire case on December 20, 2018. [Doc. 40]. Plaintiffs timely filed their Notice of Appeal on January 21, 2019. [Doc. 41]. On February 6, 2019, the Tenth Circuit Court of Appeals filed an Order directing Plaintiffs to ask this Court to address the present situation and/or to seek the Court's certification to proceed on an appeal of the partial dismissal. *See, attached, Exhibit A: Order from Tenth Circuit, dated February 6, 2019*.

The Court of Appeals noted that "[a]n order or decision that adjudicates fewer than all the claims is not a final decision unless the district court directs entry of final judgment pursuant to Rule 54(b). See Fed. R. Civ. P. 54(b) (stating that—absent a Rule 54(b) order—"any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties . . . ."). And, to certify a judgment as final under Rule 54(b), the district court must articulate its reasons for concluding that the requirements of Rule 54(b) have been satisfied. *Stockman's Water Co. v. Vaca Partners*, 425 F.3d 1263, 1265 (10th Cir. 2005)."

## LEGAL ANALYSIS

### I. Plaintiffs request that the Court Reconsider its Judgment Dismissing Counts III, IV, and V.

Plaintiffs respectfully contend that the Tenth Circuit correctly concluded that the Judgment entered in this case granted summary judgment on counts that were not properly within the ambit of Defendant's Motion for Summary Judgment. This Court has the authority to reconsider its Judgment—as that Judgment relates to Counts III, IV, and V as the Judgment was entered in error and therefore is a non-final order. Fed.R.Civ.P. 54(b). Accordingly, the Motion to Reconsider is properly before this Court. In other words, while motions to reconsider final orders are only valid under certain circumstances, when a court enters a non-final order, as is the

situation in the present case, it is free to reconsider that order for any reason at any time prior to the entry of the final order. Fed.R.Civ.P. 54(b), 59(e) & 60(b).

While there is no specific procedure for the filing of motions to reconsider interlocutory orders in the Federal Rules of Civil Procedure, there is nothing in the Rules that would forbid such a motion. Indeed, motions to reconsider interlocutory appeals are recognized by the District of New Mexico, despite not being specifically authorized by the Federal Rules of Civil Procedure. *Pedroza v. Lomas Auto Mall, Inc.*, 258 F.R.D. 453, 462 (D.N.M. 2009). When a party files such a motion, "district courts remain free to reconsider their earlier interlocutory orders," without the limitations inherent to motions filed under Rule 59(e) or 60(b). *Id*.

Consequently, the instant Motion to Reconsider Judgment on Counts III, IV, and V is properly before the Court despite the fact that Plaintiff has appealed the Judgment entered herein, because, while the filing of a notice of appeal normally divests the trial court of jurisdiction over matters involved with the appeal. *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). However, Counts III, IV, and V of Plaintiff's Complaint would not be included in the appeal if they had not been improperly dismissed, as Plaintiffs should not in fact have an immediate appeal as of right regarding those counts. *See, e.g., Jones v. City and County of Denver. Colo*., 854 F.2d 1206, 1207 (10th Cir. 1988).

### II.     In the Alternative, Plaintiffs request that the Court Certify the Case for Appeal under Fed.R.Civ.P.54(b).

Fed.R.Civ.P. 54(b) provides that "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all claims . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *Kearl v. Rausser*, 293 Fed. Appx. 592, 598 (10th Cir. 2008). "[C]ourts entering a Rule 54(b) certification should 'clearly articulate their reasons and make careful statements based on

the record supporting their determination of "finality" and "no just reason for delay" so that we [can] review a 54(b) order more intelligently[ ] and thus avoid jurisdictional remands.'" *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005)(*quoting Old Republic Ins. Co. v. Durango Air Serv., Inc*., 283 F.3d 1222, 1225 n.5 (10th Cir. 2002)). Certification is appropriate when the district court adheres to the rule's requirement that a court make two express determinations: (1) that its judgment is final, and (2) that no just reason for delay of entry of its judgment exists. Stockman's Water Co., 425 F.3d at 1265. "No precise test has been developed for determining whether just cause exists for delay, but generally courts have weighed Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay." *Wakefield Kennedy LLC v. Baldwin*, No. 11-CV-00604-DN-EJF, 2014 WL 7178197, at *2 (D. Utah Dec. 16, 2014). "Factors the district court should consider [in making these determinations] are 'whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Stockman's Water Co*., 425 F.3d at 1265 (*quoting Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 12 (1980)).

**WHEREFORE**, Plaintiffs respectfully request that the Court reconsider the Judgment [Doc. 40] to the extent that it grants summary judgment on Counts III, IV, and V or, in the alternative, that the Court enter an Order certifying its judgment as final for purposes of appeal under Fed.R.Civ.P.54(b).

Respectfully Submitted,

"**Electronically Filed**"
By: /s/ Joseph M. Romero
Attorney for Plaintiffs
1905 Lomas Blvd. NW
Albuquerque, NM 87104
(505) 433-1642
(505) 214-5744 facsimile
joe@romerolawnm.com

I certify that a true copy of the foregoing pleading was filed and served upon opposing counsel via CM/ECF on February 27, 2019.

By: /s/ Joseph M. Romero
     Attorney for Plaintiffs