IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO MENDOZA and
JUANA VALENCIANO,

    Plaintiffs,

v.	Cause No. 1:18-cv-00362-SWS-MLC

DAIRYLAND INSURANCE COMPANY,

    Defendant.

**DEFENDANT DAIRYLAND INSURANCE COMPANY'S
RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO RECONSIDER ORDER
DISMISSING CLAIMS III, IV AND V AND TO
RETURN THIS MATTER TO THE COURT'S TRIAL DOCKET, OR IN THE
ALTERNATIVE, TO CERTIFY THE JUDGMENT AS FINAL UNDER RULE 54(B)**

    Defendant Dairyland Insurance Company ("Dairyland"), by and through its attorneys, Allen, Shepherd, Lewis & Syra, P.A., hereby submits its Response in Opposition to Plaintiffs' Motion to Reconsider Order Dismissing Claims III, IV and V and to Return this Matter to the Court's Trial Docket or, in the Alternative, to Certify the Judgment as Final Under Rule 54(B) [Doc. 48]. The Court entered its Judgment in a Civil Case [Doc. 40] following Defendant Dairyland's Motion for Summary Judgment addressing the fundamental question of uninsured motorist coverage in this case. Given the Court's ruling of no uninsured motorist coverage, Defendant submits that the Court properly granted Judgment as to all counts in Plaintiffs' Complaint.

    As set forth herein, if the Court reconsiders its Judgment in any way, the proper course is not to put the case back on the trial docket but rather for the Court to merely amend its Judgment to make explicit that the Judgment disposes of all claims including Counts III, IV and V of

1

Plaintiffs' Complaint for bad faith and statutory violations.  The Court's ruling that Plaintiffs are not entitled to uninsured motorist coverage as a matter of law necessarily means under New Mexico law that Defendant Dairyland is entitled to judgment as a matter of law on the remaining claims for bad faith and statutory violations.  Thus, the Court's Judgment correctly entered judgment as a matter of law in favor of Dairyland and merely needs to make explicit that the Court's Judgment was as to all counts in the Complaint such that the Judgment is clearly final and appealable.

Defendant Dairyland also urges the Court to deny Plaintiffs' alternative request to certify the Judgment as final if it is a judgment only as to Counts I and II.  If this Court determines for any reason that Counts III, IV and V should remain pending after the Court's ruling of no uninsured motorist coverage for Plaintiffs' claim, then there would be no sound reason for a piecemeal appeal now of Counts I and II.  The Court should either amend its Judgment to make clear it has disposed of all claims as a matter of law or allow Defendant Dairyland to file a Motion for Summary Judgment on the remaining claims.  However, Defendant Dairyland submits that no separate motion for summary judgment is needed or should be required because the only logical conclusion is the one implicitly reached by the Court that disposing of the claim for coverage is dispositive of the entire case.

**I.     The Court's Judgment should be Amended to Make Explicit that Judgment as a Matter of Law is entered on all Five Counts in the Complaint.**

In its Order Granting Motion for Summary Judgment [Doc. 39], the Court determined that Defendant Dairyland "is entitled to judgment as a matter of law."  Order, Conclusion at p. 9. The Order did not limit the Court's judgment to Counts I and II.  The Court held that the "undisputed material facts establish that Plaintiffs' alleged injuries did *not* arise out of the use of

an uninsured automobile" and that "Plaintiffs are not entitled to recover uninsured motorist benefits under the subject Dairyland insurance policy ….". *Id.* The Court's conclusion that Plaintiffs are not entitled to uninsured motorist benefits and, therefore, that Defendant Dairyland is entitled to judgment as a matter of law is correct because without any duty to pay Plaintiffs, there can be no bad faith or statutory violations as a matter of law. However, because the Court's Judgment did not expressly reference Counts III, IV and V, and more likely because Plaintiffs raised in their Docketing Statement the issue of whether Counts III, IV and V should have been dismissed, the Court of Appeals has questioned the finality of the Judgment. *See* Court of Appeals' Order at p. 2 [Doc: 010110122475 filed 02/06/2019] ("The district court's order did not specifically address those portions of Claims 3, 4 or 5 that allege issues in Dairyland's claims handling as well as its coverage."). Rather than reconsider the Court's prior rulings embodied in the Order Granting Summary Judgment and the final Judgment and return the case to the trial docket, the proper course is simply for the Court to amend its Judgment to explicitly and specifically state that the Judgment is as to all counts in the Complaint.

Under New Mexico law, "the concept of bad faith failure to pay in the insurance context does not arise unless there is a contractual duty to pay under the policy." *Charter Servs., Inc. v. Principal Mut. Life Ins. Co.*, 1994-NMCA-007, ¶17, 117 N.M. 82, 88, 868 P.2d 1307, 1313. Thus, where an insurer is not contractually obligated to pay under the policy, the insured "cannot prevail on its claim that [the insurer] acted in bad faith by denying [the insured's] claim without adequate investigation." *Id.* *See, Am. Employers' Ins. Co. v. Crawford*, 1975-NMSC-020, ¶12, 87 N.M. 375, 380, 533 P.2d 1203, 1207 (where insurer owed no contractual duty to indemnify the insured, there was no duty in tort giving rise to a claim for bad faith).

In *Charter Services*, the plaintiff purchased a group health insurance policy based on the agent's misrepresentation that the policy would cover work-related injuries. Based on this representation, the plaintiff allowed its worker's compensation insurance to lapse. Subsequently, an employee brought a worker's compensation claim which the employer was required to pay out of pocket. The employer then sued the insurer on multiple theories, including misrepresentation and bad faith for failure to pay the claim made by the employee. Although the plaintiff prevailed on the misrepresentation claim, the New Mexico Court of Appeals affirmed the trial court's dismissal of the bad faith claim. Without a contractual duty to pay, the court concluded, the insurer could not be held liable for a bad faith failure to pay. The court explained that "absent any contractual obligation to pay under the policy, we do not believe the concept of bad faith comes into play." *Id.* at ¶¶ 17-18, 113 N.M. at 88.

More factually on point is the case of *Clower v. GEICO Insurance Co.*, 2014 WL 12519785 (D. N.M.). In *Clower,* as in the present case, the plaintiffs claimed uninsured motorist benefits and also claimed that the defendant insurer had acted in bad faith and violated various statutes when it failed to pay the insureds' claim for uninsured motorist benefits. Following a jury trial on the uninsured motorist claims, the jury found that the tortfeasor driver was not negligent and awarded plaintiffs nothing on their uninsured motorist claims. Subsequently, the court entered judgment as a matter of law in favor of the insurer on plaintiffs' bad faith claim. The court explained that without a duty to pay, there could be no bad faith for failure to pay, investigate or evaluate the claim:

> The Court concludes that Plaintiffs' bad faith claim fails as a matter of law. Under the Policy's UIM coverage, GEICO agreed to "pay damages for *bodily injury* and *property damage* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an ...*underinsured motor vehicle*... arising out of the ownership, maintenance or use of that motor vehicle." Thus, under the unambiguous terms of the Policy, GEICO had a duty to pay UIM benefits only where the insured was legally

4

>entitled to recover damages from the operator of an underinsured motor vehicle. At trial, the jury determined that Plaintiffs were not legally entitled to recover damages from the operator of the other motor vehicle. Accordingly, pursuant to the jury verdict, GEICO had no duty under the Policy to pay UIM benefits to Plaintiffs for their damages arising out of the motor vehicle accident with Paul Acosta. Because UIM coverage was not triggered under the terms of the Policy and GEICO had no contractual obligation to pay, Plaintiffs cannot prevail on their claim that GEICO acted in bad faith in its refusal to pay advance benefits or in the investigation and evaluation of Plaintiffs' claims.

*Id.* at *3 (emphasis in original) (internal citations omitted). Although *Clower* involved a jury verdict disposing of the uninsured motorist claims followed by a summary judgment disposing of the bad faith and statutory claims, in the present case the questions of both coverage and bad faith/statutory claims are for the Court to decide based on Dairyland's Motion for Summary Judgment where the uninsured motorist coverage issue was decided as a matter of law. The Court's entry of Judgment on all claims is appropriate and should be amended to make explicit that the Court has ruled for Dairyland on all counts.

Consistent with the cases above, in a January 2019 opinion, United States District Judge William P. Johnson explained that where there is no coverage under a policy, both bad faith and statutory claims fail as a matter of law:

>Plaintiffs are correct that under New Mexico law, bad faith claims may be based on conduct separate from a refusal to pay, citing *Progressive Cas. Ins. Co.*, 2018-NMSC-014, ¶ 24 and *O'Neel v. USAA Ins. Co.*, 2002-NMCA-028, ¶ 9, 31 P.3d 356. However, these cases do not stand for the proposition that there can be viable bad faith claims where there is no coverage under the policy . . . .
>
>Plaintiffs now adopt the same stance with regard to their UIPA claim, arguing that "[j]ust as a common-law bad faith claim can be based on a failure to fairly investigate a claim, the UIPA prohibits certain specifically enumerated claims-handling practices by an insurance company, independent of the insurer's duty to pay a claim." However, they rely on the same cases, *Progressive Casualty* and *O'Neel,* which doomed their argument with respect to their bad faith claims and do not help them now, either. The absence of a duty to cover an insurance claim removes the legal basis for a UIPA claim as well. *See Certain Underwriters at Lloyd's London Subscribing Policy No. C111271/054 v. New Mexico Psychiatric Servs. Corp.,* (slip copy) 2015 WL 11670154, at *6 (D.N.M. Aug. 13, 2015) (rejecting insured's argument that she could proceed with bad [sic] claim in absence of underlying coverage).

5

*Fava v. Liberty Mut. Ins. Corp.*, 2019 WL 133269 at *4.

In the present case, Plaintiffs asserted claims for Declaratory Relief (Count I) and Breach of Contract (Count II) seeking uninsured motorist benefits as well as claims for Bad Faith (Count III), violations of the Insurance Practices Act (Count IV) and violations of the Unfair Practices Act (Count V). Each of these claims is based on Plaintiffs' contention that Dairyland had a duty to pay uninsured motorist benefits to Plaintiffs but has failed to do so. The quoted allegations below from each Count of Plaintiffs' Complaint emphasize why without a duty to pay, there can be no bad faith or statutory violations. A duty to pay is the logical and legal prerequisite to proving bad faith or statutory claims based on an alleged failure to pay, to investigate or evaluate the uninsured motorist claim. Accordingly, this Court correctly concluded that Defendant Dairyland is entitled to Judgment as a matter of law on Plaintiff's Complaint.

Under Count I, Declaratory Relief, Plaintiffs alleged:

42. Plaintiffs are legally entitled to recover UM benefits from Dairyland.

43. Dairyland *has not paid* Plaintiffs any UM benefits under the Dairyland policies.

44. Plaintiffs have made demand for policy limits under the Dairyland policies and Dairyland *has refused to pay*.

(Emphasis added).

Under Count II, Breach of Contract, Plaintiffs alleged:

56. Plaintiffs have provided Dairyland with information adequate for it to evaluate and *pay* their claims for UM benefits.

59. Dairyland *has not paid* Plaintiffs any UM benefits under the Dairyland policies.

(Emphasis added).

Under Count III, Bad Faith, Plaintiffs alleged:

> 64. Dairyland *has unreasonably delayed and refused to make payment* for the full measure of Plaintiffs' claims for UM benefits under the Dairyland policies for reasons that are frivolous and unfounded.
>
> 65. Dairyland's *unreasonable delay in payment* and denial of Plaintiffs' claims, in whole or in part, for UM benefits constitutes a breach of the duty to act honestly and in good faith it owed to Plaintiffs under the Dairyland policies.

(Emphasis added).

Under Count IV, Insurance Practices Act, NMSA 1978, §59A-16-1 et seq., Plaintiffs alleged:

> 72. Dairyland's conduct in the *unreasonable delay in payment and denial* of Plaintiffs' claims for UM benefits, constitutes unfair claims practices that were committed knowingly, or with such frequency as to indicate a general business practice, prohibited by the Trade Practices and Frauds Act . . . .

(Emphasis added).

And finally, under Count V, Unfair Practices Act, NMSA 1978 §57-12-1 et seq., Plaintiffs alleged:

> 77. Dairyland has failed to provide the quality or quantity of services contracted for by Plaintiffs *by failing to afford UM benefits* under the Dairyland policies.
>
> 78. Dairyland's conduct in *the unreasonable delay in payment and denial* of Plaintiffs' claims for UM benefits constitutes a knowing violation of the Unfair Practices Act . . . .

(Emphasis added).

Plaintiffs' Motion to Reconsider offers no argument or authority in support of the assumption that Plaintiffs could somehow recover damages under their bad faith or statutory theories when the Court's express finding of no uninsured motorist coverage removes the factual and legal premise underlying all of Plaintiffs' asserted claims. Although not pled in the Complaint, Plaintiffs framed their claims to the Court of Appeals as "Defendant also failed to accept or reject (or deny) coverages in contravention to state law." Docketing Statement filed 02/05/2019 at p. 4. However, under well-settled New Mexico law, because no coverage exists

7

under the Dairyland Policy, Plaintiffs' bad faith and statutory claims based on Dairyland's alleged failure to pay, failure to investigate or even an alleged delay in communicating a denial all fail as a matter of law. *Charter Servs.; Clower; Fava; see Woodmen Acc. & Life Ins. Co. v. Bryant*, 784 F.2d 1052 (10th Cir. 1986) (the tort of bad faith delay in communicating a denial of a claim by an insurer requires first that there be a frivolous or unfounded refusal to pay) (applying New Mexico law); *see also Allstate Ins. Co. v. Ford Motor Credit Co.*, 2006 WL 8444371 (D. N.M) (allegation of inadequate investigation did not give rise to bad faith where there was no coverage under the policy). In short, the Court's finding that Plaintiffs are not entitled to uninsured motorist benefits under the Dairyland Policy both logically and legally defeats any bad faith or statutory claim for not making payment, for delay in making payment, for alleged delay in denying the claim or alleged inadequacies in investigating the claim. Accordingly, the Court should amend its Judgment to expressly state that the Judgment as a matter of law in favor of Defendant Dairyland extends to all claims in the Complaint.

## II.   If the Court Does Not Amend its Judgment, The Court Should Not Certify the Judgment as Final Under Rule 54(b).

As an alternative to reconsideration, Plaintiffs ask the Court to certify its Judgment as final pursuant to Fed.R.Civ.P. 54(b). Plaintiffs' Motion correctly sets for the text of the Rule and the tests from the relevant case law but provides no analysis as to why the Court should certify the Judgment as final. Defendant Dairyland is at a loss to articulate any reason why the Court should certify as final a Judgment as to Counts I and II only. Defendant Dairyland submits that if the Court does not amend its Judgment to specifically state that it is a final Judgment as to all five counts under the Complaint, then there is no basis for certifying the Judgment as final only as to Counts I and II. This would inevitably result in piecemeal appeals and is potentially a

waste of the Court's and the parties' resources where a single appeal can adequately and appropriately address all claims raised in Plaintiffs' Complaint.

An order or decision of the District Court that adjudicates fewer than all the claims in the suit is not a final decision unless the District Court directs entry of a final judgment pursuant to Rule 54(b). While the District Court may certify the order, decision or judgment as final, it must articulate its reasons based on the record for concluding that there is both finality and no just reason for delay. *See Stockman's Water Co. v. Vaca Partners,* 425 F.3d 1263, 1265 (10th Cir. 2005). Plaintiffs have offered no justification or explanation as to why a judgment disposing of only the claims for declaratory relief and breach of contract should be final and appealable now rather than after an order is entered adjudicating all claims.

As shown above, under New Mexico law, the question of bad faith and statutory violations in insurance claims is inextricably linked to the question of whether there is coverage for the underlying claim for coverage and insurance benefits. There would be no hardship or injustice to Plaintiffs if they must wait for a judgment disposing of all claims before seeking appellate review. If the Court allows Counts III, IV and V to proceed in this Court while Counts I and II are being reviewed on appeal, there could be inconsistent or overlapping rulings. The very real likelihood is that judgment for Defendant Dairyland as a matter of law on Counts I and II will be affirmed. If they were to remain pending, the claims in Counts III, IV and V could be resolved in the District Court while the appeal is still pending, resulting in a second appeal that is dependent on the outcome of the first appeal which may not have been decided. If this Court follows the authorities cited above, Counts III, IV and V should likewise be determined as a matter of law in favor of Defendant Dairyland without further briefing. However, even if this Court were to determine that further motion practice is required to make a final determination on

those counts, the fate of Counts III, IV and V should be determined before any appeal on Count I and II. To allow the coverage issues to be appealed separately from the bad faith and statutory claims could result in the Court of Appeals and the District Court reaching simultaneously inconsistent decisions or at a minimum result in two appeals where only one is needed.

**Conclusion**

Based on the foregoing arguments and authorities, Defendant Dairyland respectfully requests the Court to deny Plaintiffs' Motion to Reconsider and suggests that the proper course is for the Court to amend its Judgment to expressly and specifically state that Defendant Dairyland is entitled to Judgment as a matter of law on all counts in the Complaint. The Court has already reached the correct outcome. Explicitly stating that Judgment is entered as to all claims should alleviate any jurisdictional concerns expressed by the Court of Appeals.

If the Court is not inclined to amend its Judgment, then the Court should not certify the current Judgment as final but should allow Defendant Dairyland the opportunity to file a motion for judgment as a matter of law on the claims for bad faith and statutory violations. Thereafter, the entire case can be appealed.

    Electronically submitted,

    ALLEN, SHEPHERD, LEWIS & SYRA, P.A.

    By: _s/ Daniel W. Lewis_
        Daniel W. Lewis
        P.O. Box 94750
        Albuquerque, NM  87199-4750
        (505) 341-0110
        dlewis@allenlawnm.com
    *Attorneys for Dairyland Insurance Company*

I HEREBY CERTIFY that on the 8th day of March, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Joseph M. Romero, Esq. / joe@romerolawnm.com
*Attorneys for Plaintiff*

Anna C. Martinez, Esq. / anna@aequitas.pro
*Attorneys for Plaintiff*

____*s/ Daniel W. Lewis* _____
Daniel W. Lewis